**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK A. RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CPI AEROSTRUCTURES, INC., DOUGLAS MCCROSSON, and VINCENT PALAZZOLO, <br><br><br> Defendants. | **CASE No.: 1:20-cv-00982-ENV-JO** <br><br> **[PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> <u>**CLASS ACTION**</u> |
| RUSSELL GARRETT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CPI AEROSTRUCTURES, INC, DOUGLAS MCCROSSON and VINCENT PALAZZOLO, <br><br> Defendants. | **CASE No.: 1:20-cv-01026-RPK-VMS** <br><br><br> <u>**CLASS ACTION**</u> |

WHEREAS, the above-captioned securities class actions ("Securities Class Actions") have been filed against defendants CPI Aerostructures, Inc. ("CPI Aerostructures" or the "Company") and certain of its officers alleging violations of the federal securities laws;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P.

1

42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 24, 2020, a notice was issued to potential class members of the action informing them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on April 24, 2020, Plaintiff Jiyao Wang ("Movant") moved the Court to appoint Movant as Lead Plaintiff, and to approve Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class;

WHEREAS, the PSLRA provides, *inter alia,* that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfies the requirements of Fed. R. Civ. P. 23; and

WHEREAS, the Court finding that Movant has the largest financial interest in this action and *prima facie* satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* U.S.C. § 78u-4(a)(3)(B)(iii)(I); and

**IT IS HEREBY ORDERED THAT:**

**CONSOLIDATION OF SECURITIES CLASS ACTIONS**

1.      The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

**MASTER DOCKET AND CAPTION**

2.    The docket in Case No. 1:20-cv-00982-ENV-JO shall constitute the Master Docket for this action.

2

3.      Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

IN RE CPI AEROSTRUCTURES, INC.
SECURITIES LITIGATION,

----------------------------------------------------------X
      This Document Relates To:

Master File No. 1:20-cv-00982-ENV-JO

CLASS ACTION

4.      The file in civil action no. 1:20-cv-00982-ENV-JO shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.      All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7.      Pursuant to Section 21D(a)(3)(B) of the Exchange Act, Movant is appointed as Lead Plaintiff for the class as they have the largest financial interest in this litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23.

3

8.      Movant's choice of counsel is approved and accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel for the Class.

9.      Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) to prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the Class.

SO ORDERED:


Dated  _____, 2020            _____
                                        HONORABLE ERIC N. VITALIANO
                                        UNITED STATES DISTRICT JUDGE