UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK A. RODRIGUEZ,                                              ORDER
                          Plaintiff,
            - against -
CPI AEROSTRUCTURES, INC., et al.,                               20-CV-0982 (ENV) (JO)
                          Defendants.
-------------------------------------------------------------X
RUSSELL GARRETT,
                          Plaintiff,
            - against –
CPI AEROSTRUCTURES, INC., et al.,                               20-CV-1026 (ENV) (JO)
                          Defendants.
-------------------------------------------------------------X

James Orenstein, Magistrate Judge:

In each of the captioned actions, the named plaintiffs assert securities claims on behalf of a putative class. *See* Docket Entry ("DE") 12.[1] On April 24, 2020, three movants filed competing motions seeking to consolidate the two actions and appoint a lead plaintiff and lead counsel. *See* DE 13; DE 15; DE 18. The court referred the motions to me by order dated April 28, 2020. Since then, the parties have effectively resolved the matter on consent: all of the motions to appoint a lead plaintiff and a lead counsel have been withdrawn except for that of Jeffrey L. Feinberg ("Feinberg"), individually and as trustee and beneficiary of the Jeffrey L. Feinberg Personal Trust. *See* DE 21; DE 22. I therefore grant the latter motion.

All of the parties that filed motions agree that the two actions should be consolidated. *See* DE 14 at 5-6; DE 16 at 4; DE 19 at 3; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii). The two complaints are substantially similar: they allege the same claims against the same defendants, on behalf of the same putative class. I therefore find consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

Moreover, there is now no dispute that Feinberg should be appointed lead plaintiff: he appears to possess the largest financial interest in the relief sought by the putatitive class and is thus

---

[1] Unless otherwise indicated, all citations to filings in these cases refer to the *Rodriguez* docket.

presumed to be adequate to represent the class – a presumption that no other movant has sought to rebut. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), (II). He also satisfies the typicality and adequacy requirements for service as class representative. *See* Fed. R. Civ. P. 23(a)(3), (4). Appointing Feinberg to serve as lead plaintiff, to which no other party now objects, is consistent with applicable law. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Finally, there appears to be no reason to deny the approval of Feinberg's selection of Robbins Geller Rudman & Dowd LLP and Robbins LLP as lead counsel. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v); *see also Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 211 (E.D.N.Y. 2019) (courts generally defer "to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if [it is] necessary to protect the interests of the class.") (internal quotations omitted).

For the reasons set forth above, I grant plaintiff Feinberg's motion.

SO ORDERED.

Dated: Brooklyn, New York
May 5, 2020

_____/s/_____
James Orenstein
U.S. Magistrate Judge