UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-00982 |
| | : | |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | x | |

|  |  |  |
|---|---|---|
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-01026 |
| | : | |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | x | |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated as of July 9, 2021 (together with all Exhibits hereto, the "Stipulation"), is made and entered into by and between: (i) Lead Plaintiff Jeffrey L. Feinberg, individually and as trustee and beneficiary of the Jeffrey L. Feinberg Personal Trust ("Lead Plaintiff"), on behalf of himself and each Class Member;[1] and (ii) Defendants CPI Aerostructures, Inc. ("CPI" or the "Company"), Douglas McCrosson and Vincent Palazzolo (the "Individual Defendants"), and Canaccord Genuity LLC and B. Riley FBR (n/k/a B. Riley Securities, Inc.) (the "Underwriter Defendants") (collectively, "Defendants"), by and through their undersigned counsel. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims against the Released Defendant Parties, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The action is currently pending before the Honorable Eric N. Vitaliano in the United States District Court for the Eastern District of New York (the "Court"), under the caption *Rodriguez v. CPI Aerostructures, Inc., et al.*, Case No. 1:20-cv-00982-ENV-CLP (the "Litigation"). The initial complaint in the Litigation was filed on February 24, 2020. On May 5, 2020, the Court appointed Lead Plaintiff and Lead Counsel.

Lead Plaintiff's Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on September 24, 2020, alleges that Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiff alleged that, throughout the Class Period (March 22, 2018 through February 14, 2020, inclusive),

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

Defendants misrepresented to investors that:  (i) CPI's financial statements were presented in accordance with Generally Accepted Accounting Principles ("GAAP") and governing SEC rules and regulations; (ii) CPI had implemented Accounting Standards Codification Topic 606 *Revenue From Contracts With Customers* ("ASC 606"), effective January 1, 2018; (iii) the adoption of ASC 606 did not materially change CPI's recognition of revenue under its contracts; (iv) the adoption of ASC 606 had "no impact" on CPI's consolidated financial statements; (v) management's analysis of CPI's financial condition and the results of its operations were accurate and presented in accordance with GAAP; and (vi) the Company's system of internal controls over financial reporting and disclosure controls were effective, which caused the price of the Company's common stock to trade at artificially inflated prices, until the market learned of the false and misleading statements, and the Company's share price significantly declined.

On February 19, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b)(2).  Lead Plaintiff opposed the motion on April 23, 2021.  The Court has not ruled on Defendants' motion to dismiss.

On May 13, 2021, the Settling Parties participated in a confidential mediation with John R. Van Winkle, Esq., an experienced mediator.  The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties.  The Settling Parties engaged in good-faith negotiations, but did not reach a settlement.  The Settling Parties continued to engage in arm's-length negotiations, and on May 20, 2021, reached an agreement-in-principle to resolve the Litigation, subject to the negotiation of mutually acceptable terms of a settlement agreement.  The agreement-in-principle included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $3,600,000 for the benefit of the Class, subject to the negotiation of the

- 2 -

terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Throughout the course of this Litigation and in this Stipulation, Defendants expressly have denied, and continue to deny, each and all of the claims and contentions alleged by Lead Plaintiff, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation.  Defendants continue to believe that the claims asserted against them in the Litigation are without merit and that the Litigation itself should not be certified as a class action for purposes of trial or adjudication of liability and damages.  Defendants maintain that they have meritorious defenses to the claims alleged in the Litigation.

As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or to constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled, fully and finally, in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have merit and that the investigation undertaken to date supports the claims asserted therein.  However, Lead

Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation.  Lead Plaintiff and Lead Counsel also are mindful of the burdens of proof under, and possible defenses to, the securities law violations asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff (on behalf of himself and the Class) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.   Definitions

In addition to the terms defined above, as used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1   "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2    "CAFA Notice" means the form of notice that Defendants must provide to satisfy the requirements of the Class Action Fairness Act, 28 U.S.C. §§1711-1715 ("CAFA").

1.3    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

1.4    "Claimant" means any person who submits a Claim to the Claims Administrator in such form and manner, and within such time, as the Court shall prescribe.

1.5    "Claims Administrator" means the firm of A.B. Data, Ltd., which shall administer the Settlement.

1.6    "Class" means all Persons who purchased CPI common stock during the Class Period, including purchasers of CPI common stock issued pursuant to and/or traceable to the Company's offering conducted on or about October 17, 2018.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely excluded himself, herself, or itself therefrom.

1.7    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.6 above.

1.8    "Class Period" means the period from March 22, 2018 through February 14, 2020, inclusive.

1.9    "Court" means the United States District Court for the Eastern District of New York.

1.10    "Defendants" mean CPI, the Individual Defendants, and the Underwriter Defendants.

1.11    "Defendants' Counsel" means Wilmer Cutler Pickering Hale and Dorr LLP and Shearman & Sterling LLP.

1.12    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred, or have been waived.

1.13    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Class in accordance with the terms of the Stipulation and any order of the Court.

1.14    "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP and Robbins LLP or their respective successor(s).

1.15    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal, and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the

court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration, or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.16    "Individual Defendants" means Douglas McCrosson and Vincent Palazzolo.

1.17    "Investment Vehicle" means any investment company, separately managed account or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, hedge funds, and employee benefit plans, in which any Defendant or its affiliates has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.18    "Judgment" means the Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.19    "Lead Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Robbins LLP.

1.20    "Lead Plaintiff" means Jeffrey L. Feinberg, individually and as trustee and beneficiary of the Jeffery L. Feinberg Personal Trust.

1.21    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (as defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) other Court-approved deductions.

1.22    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.23    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund, whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation, and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.24    "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the Class for settlement purposes only, and approval for the mailing of a settlement notice and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.25    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim that a Class Member must complete and submit in order to seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.26    "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.27    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined in ¶1.38 hereof), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, relating to, in connection with, or arising from the allegations, transactions, facts, matters or occurrences, errors,

representations, misrepresentations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Litigation, and that relate to the purchase of CPI common stock by any Class Member during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

1.28    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.29    "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

1.30    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Lead Plaintiff, Lead Counsel, and each of their Related Parties. Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Class but for having validly and timely excluded himself, herself, or itself therefrom.

1.31    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.32    "Settlement Amount" means Three Million Six Hundred Thousand U.S. Dollars (U.S. $3,600,000.00) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation. The Settlement Amount includes all Notice and Administration Expenses, any attorneys' fees and expenses to Lead Counsel (as allowed by the Court), Class Member benefits, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.33    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.34    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.35    "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of himself and the Class.

1.36    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.37    "Underwriter Defendants" means B. Riley FBR, Inc. (n/k/a B. Riley Securities, Inc.) and Canaccord Genuity LLC.

1.38    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling

- 11 -

Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a

- 12 -

breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2. The Settlement

2.1    The obligations incurred pursuant to the Stipulation: (a) are subject to approval by the Court and subject to the Judgment, reflecting such approval, becoming Final; and (b) shall fully and finally dispose of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a. The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶5.1-5.3 herein, CPI shall pay, or shall cause to be paid on Defendants' behalf, the Settlement Amount by check or wire transfer within thirty (30) calendar days after the later of: (a) entry of the Preliminary Approval Order; or (b) Lead Counsel having provided

- 13 -

(i) a tax identification number for the Escrow Account; (ii) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (iii) all required wire and check funding instructions and information, including payee name, telephone and e-mail contact information and a physical address for the Escrow Agent. The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

2.3     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund as set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, neither Defendants nor any of their insurers shall have any obligation to make any other payments pursuant to the Stipulation, including, without limitation, compensation to any Class Member, payment of attorneys' fees and expenses awarded by the Court, payment of any fees or expenses incurred by any Class Member or Lead Counsel, or interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

**b.**  **The Escrow Agent**

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund. The Released Defendant Parties, their counsel, and their insurers shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.8    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

- 15 -

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses").

2.10    It shall be Lead Counsel's responsibility to disseminate the Notice (as defined in ¶4.1 below), Proof of Claim and Release, and Summary Notice (as defined in ¶4.2 below) to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

### c.     Taxes

2.11    The Settling Parties agree as follows:

(a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the

"relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all

events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). Neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12    This is not a claims-made settlement. As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### d.    Termination of Settlement

2.13    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, including,

- 18 -

without limitation, in the event that the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, then the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded to Defendants by the Claims Administrator and/or the Escrow Agent, pursuant to written instructions from Defendants' Counsel, within seven (7) business days of such cancellation or termination, and in accordance with ¶8.4 herein.

**3.      Class Certification**

3.1      The Judgment shall certify the Class for purposes of this Settlement only.  However, in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, the parties agree that the Class shall be decertified without prejudice, and that the parties shall revert to their pre-settlement positions.

**4.      Preliminary Approval Order and Settlement Hearing**

4.1      Immediately following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of a Preliminary Approval Order.  The proposed settlement notice (the "Notice") shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶7.1 below), and the date of the Settlement Hearing.

4.2      Within seven (7) business days after entry of the Preliminary Approval Order, CPI shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Class, reasonably available transfer records in electronic and searchable form, such as Microsoft Excel, containing the names and addresses of Persons who purchased CPI common stock during the Class Period.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and the proposed summary notice ("Summary Notice") to the Class in accordance with this Stipulation and as ordered by the Court.

- 19 -

Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

4.3    Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715, no later than ten (10) calendar days after this Stipulation is filed with the Court, Defendants shall complete service of the CAFA Notice on the appropriate federal and state government officials and shall thereafter notify Lead Counsel as to completion of such service.  Defendants shall pay the costs of providing the CAFA Notice required by law.

4.4    Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after all appropriate Federal and State officials have been provided the CAFA Notice, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶7.1 below).

**5.    Releases**

5.1    Upon the Effective Date, each and every Releasing Plaintiff Party, including, but not limited to, Lead Plaintiff and the Members of the Class, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

- 20 -

5.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.3     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel. Claims to enforce the terms of this Stipulation are not released.

5.4     The parties shall request that the Court enter a Contribution Bar Order (the "Bar Order") in the Judgment, as follows: To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Class or any Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.  For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement between Released Defendant Parties.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate

the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Members, or Lead Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

6.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Lead Counsel, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

6.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as

circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

6.4     Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.5     Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

6.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶6.8 below.

6.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶6.8 below.

6.8     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶6.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

6.9     Each Class Member who has not been excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  In

connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

6.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

6.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of

Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶6.1-6.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.12    No Person shall have any claim against the Released Defendant Parties, Lead Plaintiff, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**7.    Lead Counsel's Attorneys' Fees and Expenses**

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distribution from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the

Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

7.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

7.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their partners and/or shareholders, and Lead Plaintiff who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶8.4.  Any refunds required pursuant to this ¶7.3 shall be the several obligation of Lead Counsel, including their law firms, partners, and/or shareholders, that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Counsel receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it,

agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and/or costs paid to them from the Settlement Fund together with the interest paid thereon. Without limitation, Lead Counsel and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Counsel, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

7.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. With the sole exception of Defendants' obligation to pay or cause the Settlement

Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

7.6     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

7.7     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**8.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶8.3 below, directing notice to the Class, as required by ¶4.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account by Defendants or their insurers;

(c)     Neither Settling Party has exercised its option to terminate the Stipulation pursuant to ¶¶8.3 or 8.5 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶8.4 below;

(e)     the Judgment has become Final, as defined in ¶1.15 hereof; and

(f)    the Litigation has been dismissed with prejudice.

8.2    Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund. If the conditions specified in ¶8.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶8.6-8.8 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

8.3    As set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and Defendants, by and through their counsel, CPI may, in its sole discretion, terminate the Settlement and render it null and void in the event that Members of the Class who collectively purchased more than a certain amount of CPI common stock during the Class Period exclude themselves from the Class. The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms. If submission of the Supplemental Agreement is

ordered by the Court or is necessary to resolve a dispute between Lead Plaintiff and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

8.4     In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B attached hereto, the Settling Parties agree to work in good faith to make appropriate modifications, as may be necessary, to the Stipulation, Notice, Summary Notice, Proof of Claim and Release, and Judgment.

8.5     Each of Lead Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within fourteen (14) calendar days of: (a) the Court's refusal to enter an order preliminarily approving the Settlement and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve this Stipulation in any material respect; (c) the Court's refusal to approve the Settlement; (d) the Court's refusal to enter the Bar Order in any material respect; (e) the Court's refusal to enter the Judgment; (f) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; (g) the Court's refusal to dismiss the Litigation with prejudice; or (h) the failure of the Effective Date to occur for any reason.

8.6     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated

or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

8.7    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of May 20, 2021. In such event, the terms and provisions of the Stipulation with the exception of ¶¶2.7-2.9, 2.11-2.13, 7.3, 8.6, 8.8, 9.1 and 10.7 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court, or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

8.8    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts

- 32 -

disbursed pursuant to ¶¶2.9 or 2.11.  In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 8.6 hereof.

9. **No Admission of Liability**

9.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or

- 33 -

against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(c)     shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(d)     shall be construed against Defendants, Lead Plaintiff, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

## 10.     Miscellaneous Provisions

10.1     The Settling Parties:  (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

10.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement

were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

10.3     The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

10.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

- 35 -

10.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.7     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.8     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

10.9     Except as otherwise provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, or its own fees and costs.

10.10    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

10.11    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

10.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of

executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

10.13   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiff or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

ROBBINS LLP
STEPHEN J. ODDO
5040 Shoreham Place
San Diego, CA 92122

*If to Defendants or to Defendants' Counsel:*

WILMER CUTLER PICKERING
  HALE AND DORR LLP
MICHAEL G. BONGIORNO
7 World Trade Center
250 Greenwich Street
New York, NY  10007

SHEARMAN & STERLING LLP
DANIEL LEWIS
599 Lexington Avenue
New York, NY  10022

10.14   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

10.15   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

10.16   The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.17   Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

10.18   This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

10.19   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.20   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

10.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

10.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 9, 2021.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN
AVITAL O. MALINA

_____
ALAN I. ELLMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com
amalina@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

DocuSign Envelope ID: 5564E2F2-57DD-44F8-8C8A-3370382BA66F

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
ERIC M. CARRINO
5040 Shoreham Place
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
brobbins@robbinsllp.com
soddo@robbinsllp.com
ecarrino@robbinsllp.com

Lead Counsel for Lead Plaintiff

WILMER CUTLER PICKERING
 HALE AND DORR LLP
MICHAEL G. BONGIORNO
TAMAR KAPLAN-MARANS

*Michael G. Bongiorno*

_____
MICHAEL G. BONGIORNO

7 World Trade Center
250 Greenwich Street
New York, NY  10007
Telephone: 212/230-8800
212/230-8888 (fax)
michael.bongiorno@wilmerhale.com
tamar.kaplan-marans@wilmerhale.com

Attorneys for Defendants CPI, Douglas McCrosson, and Vincent Palazzolo

SHEARMAN & STERLING LLP
DANIEL LEWIS
BENJAMIN KLEBANOFF

_____
DANIEL LEWIS

- 40 -

599 Lexington Avenue
New York, NY  10022
Telephone: 212/848-4000
212/848-7179 (fax)
daniel.lewis@shearman.com
benjamin.klebanoff@shearman.com

Attorneys for Defendants B. Riley FBR, Inc. (n/k/a
B. Riley Securities, Inc.) and Canaccord Genuity
LLC

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-00982 |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | |
| Defendants. | |

---

|  |  |
|---|---|
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-01026 |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | |
| Defendants. | |

---

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT
TO FED. R. CIV. P. 23(E)(1) AND PERMITTING NOTICE TO THE CLASS

EXHIBIT A

WHEREAS, the above-captioned actions are pending before this Court (the "Litigation");

WHEREAS, Lead Plaintiff, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated July 9, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, John R. Van Winkle, Esq.;

(b)    the proposed Settlement eliminates the risks to the Settling Parties of continued litigation;

(c)    the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class;

(d)    the Settlement does not provide excessive compensation to counsel for Lead Plaintiff; and

- 1 -

(e)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposed of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased CPI common stock during the period between March 22, 2018 through February 14, 2020, inclusive, including purchasers of CPI common stock issued pursuant and/or traceable to CPI's offering conducted on or about October 17, 2018.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any Person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

3.    The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead

- 2 -

Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff (Jeffrey L. Feinberg, individually and as trustee and beneficiary of the Jeffrey L. Feinberg Personal Trust), is preliminarily certified as Class Representative and Lead Counsel (Robbins Geller Rudman & Dowd LLP and Robbins LLP) are preliminarily certified as Class Counsel.

5.    A hearing shall be held before this Court on _____, 2021, at _____ _.m. (the "Settlement Hearing"), at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.18 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges and expenses that should be awarded to Lead Counsel; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel; and (f) consider such other matters the Court deems appropriate.  The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

- 3 -

6.    The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

7.    The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3.

8.    The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9.    CPI shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Class, within seven (7) business days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased CPI common stock during the Class Period.

10.    Not later than _____, 2021 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits 1 and 2, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.CPISecuritiesSettlement.com.  For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

11.    Not later than _____, 2021 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

12.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased CPI common stock during the Class Period (between March 22, 2018 and February 14, 2020, inclusive) as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

14.    The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due

process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.    All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility or liability for such fees, costs, or expenses.  Notwithstanding the foregoing, CPI shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Class pursuant to the Stipulation.

16.    All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

17.    Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____, 2021 (a date ninety (90) calendar days from the Notice Date).  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

No person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted Claims.

18.    Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

19.    Any Member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2021 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide:  (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares of CPI common stock purchased during the Class Period and the date of each purchase; and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment.  Unless otherwise ordered by the Court, any Person who purchased CPI common stock during the Class Period who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

20.    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion,

promptly upon receipt and as expeditiously as possible, but in no event, later than fourteen (14) calendar days before the Settlement Hearing.

21. Any Member of the Class who or which does not request exclusion from the Class may appear at the Settlement Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Eastern District of New York and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Robbins LLP, Stephen J. Oddo, 5040 Shoreham Place, San Diego, CA 92122; Wilmer Cutler Pickering Hale and Dorr LLP, Michael G. Bongiorno, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007; and to Shearman & Sterling LLP, Daniel Lewis, 599 Lexington Avenue, New York, NY 10022, no later than _____, 2021. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges, and expenses to Lead Counsel, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and

- 8 -

copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22.     Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, and/or sales of CPI common stock during the Class Period, the dates, the number of shares purchased or sold, and the price paid or received for such purchase or sale.

23.     Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than _____, 2021 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than _____, 2021 (a date that is seven (7) calendar days prior to the Settlement Hearing).

26.    The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

27.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

28.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

29.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth

- 10 -

of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

31.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

32.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as

expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties.  In any such event, the Settling Parties shall be deemed to have reverted to their respective litigation positions as of May 20, 2021.

        IT IS SO ORDERED.


DATED:    _____        _____
                                        THE HONORABLE ERIC N. VITALIANO
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-00982 |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | x | |

|  |  |  |
|---|---|---|
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-01026 |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | x | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**TO:    ALL PERSONS WHO PURCHASED CPI AEROSTRUCTURES, INC. ("CPI" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, INCLUDING PURCHASERS OF CPI COMMON STOCK ISSUED PURSUANT AND/OR TRACEABLE TO CPI'S OFFERING CONDUCTED ON OR ABOUT OCTOBER 17, 2018, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2021**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Jeffrey L. Feinberg, individually and as trustee and beneficiary of the Jeffrey L. Feinberg Personal Trust, and Defendants CPI, Douglas McCrosson, Vincent Palazzolo (the "Individual Defendants"), and Canaccord Genuity LLC and B. Riley FBR (n/k/a B. Riley Securities, Inc.) (the "Underwriter Defendants") and the proposed $3,600,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2021.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 9, 2021 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.CPISecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2021.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before _____, 2021.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2021** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before _____, 2021.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $3.6 million settlement fund has been established.  Based on Lead Plaintiff's estimate of the number of shares of CPI common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.55 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Class Members should note, however, that these are only estimates.**  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average amount.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of CPI common stock were allegedly

artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of CPI common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of CPI common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of CPI common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of CPI common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of CPI common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty percent (20%) of the Settlement Amount, plus expenses not to exceed $50,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of CPI common stock will be approximately $0.12.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-877-888-4839, or visit the website www.CPISecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com, or **[Robbins contact]**.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny, all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. Why did I get this Notice package? |
| --- |

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased CPI common stock during the period between March 22, 2018 through and including February 14, 2020 (the "Class Period"), including purchases of CPI common stock issued pursuant and/or traceable to CPI's offering conducted on or about October 17, 2018.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of New York, and the case is known as *Rodriguez v. CPI Aerostructures, Inc., et al.*, No. 1:20-cv-00982-ENV-CLP. The case has been assigned to the Honorable Eric N. Vitaliano. The individual representing the Class is the Lead Plaintiff, and the company, individuals and underwriters he sued and who have now settled are called the Defendants.

| **2.** | **What is this lawsuit about?** |
|---|---|

Lead Plaintiff's Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on September 24, 2020, alleges that Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiff alleges that, throughout the Class Period (March 22, 2018 through February 14, 2020, inclusive), Defendants misrepresented to investors that: (i) CPI's financial statements were presented in accordance with Generally Accepted Accounting Principles ("GAAP") and governing SEC rules and regulations; (ii) CPI had implemented ASC 606, effective January 1, 2018; (iii) the adoption of ASC 606 did not materially change CPI's recognition of revenue under its contracts; (iv) the adoption of ASC 606 had "no impact" on CPI's consolidated financial statements; (v) management's analysis of CPI's financial condition and the results of its operations were accurate and presented in accordance with GAAP; and (vi) the Company's system of internal controls over financial reporting and disclosure controls were effective, which caused the price of the Company's common stock to trade at artificially inflated prices, until the market learned of the false and misleading statements, and the Company's share price significantly declined. Defendants deny many of the Complaint's allegations and contend that they did not violate the Securities Act or the Exchange Act.

On February 19, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Lead Plaintiff opposed the motion on April 23, 2021. The motion remains pending.

On May 13, 2021, the Settling Parties participated in a confidential mediation with John R. Van Winkle, Esq., an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations, but did not reach a settlement. The Settling Parties continued to engage in arm's-length negotiations and on May 20, 2021, reached an agreement-in-principle to resolve the Litigation. The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $3,600,000 for the benefit of the Class, subject to the negotiation of the

- 4 -

terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation.  Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Defendants continue to believe that the claims asserted against them in the Litigation are without merit and that the Litigation itself should not be certified as a class action for purposes of trial or adjudication of liability and damages.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased CPI common stock during the period from March 22, 2018 through February 14, 2020, inclusive, including purchasers of CPI common stock issued pursuant to and/or traceable to the Company's offering conducted on or about October 17, 2018, except those Persons and entities that are excluded.

Excluded from the Class are:  (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any Person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to

submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

| 5. | What if I am still not sure if l am included? |
| --- | --- |

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-877-888-4839, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
| --- | --- |

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $3.6 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
| --- | --- |

Your share of the Net Settlement Fund will depend on several things, including the total value of CPI common shares represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
| --- | --- |

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.CPISecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2021**.  The Proof of Claim form may be submitted online at www.CPISecuritiesSettlement.com.

| 9. | When would I get my payment? |
| --- | --- |

**The Court will hold a Settlement Hearing on _____, 2021, at _____ .m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
| --- | --- |

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, relating to, in connection with, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Litigation, and that relate to the purchase of CPI common stock by any Class Member during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

  > **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

  The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released

- 8 -

Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

The Settlement also bars any and all claims for contribution or indemnity against any of the Released Defendant Parties arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Litigation.

### EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Class and the proposed Settlement? |
| --- | --- |

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *CPI Securities Settlement*." Your letter must include your purchases of CPI common stock during the Class Period, including the dates, the number of shares of CPI common stock purchased, and price paid for each such purchase. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2021** to:

*CPI Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
ATTN: EXCLUSIONS
P.O. Box 173001
Milwaukee, WI  53217

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| | |
|---|---|
| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2021.

| | |
|---|---|
| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

### THE LAWYERS REPRESENTING YOU

| | |
|---|---|
| **14.** | **Do I have a lawyer in this case?** |

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Robbins LLP represent the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| **15.** | **How will the lawyers be paid?** |

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty percent (20%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $50,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *CPI Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares of CPI common stock you purchased and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating such purchase(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than_____, 2021:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY  11201 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA  92101 | WILMER CUTLER PICKERING  HALE AND DORR LLP MICHAEL G. BONGIORNO 7 World Trade Center 250 Greenwich Street New York, NY  10007 |
| | ROBBINS LLP STEPHEN J. ODDO 5040 Shoreham Place San Diego, CA 92122 | SHEARMAN & STERLING LLP DANIEL LEWIS 599 Lexington Avenue New York, NY  10022 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **_:00 _.m., on _____, 2021**, in the Courtroom of the Honorable Eric N. Vitaliano, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.CPISecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

In addition, the recent Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CPISecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CPISecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video, to access information will be posted to the Settlement website, www.CPISecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *CPI Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend

- 12 -

to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received* no later than _____, 2021**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-888-4839.  Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.CPISecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $3.6 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in CPI common stock during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each share of CPI common stock purchased during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the

CPI common stock was purchased and in what amounts, whether shares were purchased pursuant and/or traceable to the October 2018 offering, whether the shares were sold, and, if so, when they were sold and for what amounts. Please note that given the relative strength of Lead Plaintiff's claims, 25% of the Net Settlement Fund shall be allocated to Recognized Losses under the Exchange Act, and 75% shall be allocated to Recognized Losses under the Securities Act.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $2.63 per share.[2] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

A "claim" will be calculated as follows:

### TABLE A

| Inflation Period | Inflation per Share |
|---|---|
| March 22, 2018 – February 7, 2019 | $3.06 |
| February 8, 2019 – February 13, 2020 | $2.47 |
| February 14, 2020 | $0.67 |

For shares of CPI common stock purchased on or between March 22, 2018 through and including February 14, 2020, the claim per share shall be as follows:

a)    If sold prior to February 8, 2019, the claim per share is $0.00

b)    If sold on or between February 8, 2019 through and including February 14, 2020, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)    If retained at the end of February 14, 2020 and sold on or before May 15, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the

---

[2]    Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for CPI common stock are reduced to an appropriate extent by taking into account the closing prices of CPI common stock during the 90-day look-back period. The mean (average) closing price for CPI common stock during this 90-day look-back period was $2.63 per share as shown in Table B.

selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

d) If retained at the close of trading on May 15, 2020, or sold thereafter, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and $2.63.

### Section 11 Claims for the October 2018 Public Offering

| | |
|---|---|
| Public Offering Price: | $6.25 per share |
| Closing price on the date the lawsuit was filed:[3] | $3.47 per share |

For shares of CPI common stock purchased pursuant to and/or traceable to the Company's offering on or about October 17, 2018, and

1) sold prior to February 24, 2020, the claim per share is $6.25 less the sales price.

2) retained, or sold, on or after February 24, 2020, the claim per share is the lesser of: (i) $2.78 ($6.25 less $3.47), or (ii) the $6.25 less the sales price.

### TABLE B

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 2/18/2020 | $4.20 | $4.20 |
| 2/19/2020 | $4.24 | $4.22 |
| 2/20/2020 | $3.98 | $4.14 |
| 2/21/2020 | $3.83 | $4.06 |
| 2/24/2020 | $3.47 | $3.94 |
| 2/25/2020 | $3.40 | $3.85 |
| 2/26/2020 | $3.18 | $3.76 |
| 2/27/2020 | $3.09 | $3.67 |
| 2/28/2020 | $3.17 | $3.62 |
| 3/2/2020 | $3.05 | $3.56 |
| 3/3/2020 | $2.78 | $3.49 |
| 3/4/2020 | $2.59 | $3.42 |
| 3/5/2020 | $2.47 | $3.34 |
| 3/6/2020 | $2.35 | $3.27 |
| 3/9/2020 | $1.92 | $3.18 |
| 3/10/2020 | $2.17 | $3.12 |

---

[3] Class Action Complaint filed on February 24, 2020.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 3/11/2020 | $2.05 | $3.06 |
| 3/12/2020 | $1.59 | $2.97 |
| 3/13/2020 | $1.73 | $2.91 |
| 3/16/2020 | $1.51 | $2.84 |
| 3/17/2020 | $1.49 | $2.77 |
| 3/18/2020 | $1.37 | $2.71 |
| 3/19/2020 | $1.43 | $2.65 |
| 3/20/2020 | $1.39 | $2.60 |
| 3/23/2020 | $1.44 | $2.56 |
| 3/24/2020 | $1.61 | $2.52 |
| 3/25/2020 | $1.72 | $2.49 |
| 3/26/2020 | $2.10 | $2.48 |
| 3/27/2020 | $2.23 | $2.47 |
| 3/30/2020 | $2.37 | $2.46 |
| 3/31/2020 | $2.25 | $2.46 |
| 4/1/2020 | $1.92 | $2.44 |
| 4/2/2020 | $2.02 | $2.43 |
| 4/3/2020 | $2.01 | $2.42 |
| 4/6/2020 | $2.07 | $2.41 |
| 4/7/2020 | $2.17 | $2.40 |
| 4/8/2020 | $2.15 | $2.39 |
| 4/9/2020 | $2.25 | $2.39 |
| 4/13/2020 | $2.58 | $2.39 |
| 4/14/2020 | $2.66 | $2.40 |
| 4/15/2020 | $2.67 | $2.41 |
| 4/16/2020 | $2.83 | $2.42 |
| 4/17/2020 | $2.96 | $2.43 |
| 4/20/2020 | $3.03 | $2.44 |
| 4/21/2020 | $2.96 | $2.45 |
| 4/22/2020 | $3.05 | $2.47 |
| 4/23/2020 | $3.04 | $2.48 |
| 4/24/2020 | $3.04 | $2.49 |
| 4/27/2020 | $3.17 | $2.51 |
| 4/28/2020 | $3.21 | $2.52 |
| 4/29/2020 | $3.41 | $2.54 |
| 4/30/2020 | $3.29 | $2.55 |
| 5/1/2020 | $3.29 | $2.57 |
| 5/4/2020 | $3.37 | $2.58 |
| 5/5/2020 | $3.16 | $2.59 |
| 5/6/2020 | $2.88 | $2.60 |

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 5/7/2020 | $3.07 | $2.60 |
| 5/8/2020 | $3.04 | $2.61 |
| 5/11/2020 | $3.05 | $2.62 |
| 5/12/2020 | $2.85 | $2.62 |
| 5/13/2020 | $2.66 | $2.62 |
| 5/14/2020 | $2.61 | $2.62 |
| 5/15/2020 | $2.77 | $2.63 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held CPI common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of CPI common stock during the Class Period will be matched, in chronological order, first against CPI common stock held at the beginning of the Class Period. The remaining sales of CPI common stock the Class Period will then be matched, in chronological order, against CPI common stock purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all CPI common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of CPI common stock that have been matched against CPI common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase or sale of CPI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of CPI common stock during the Class Period shall not be deemed a purchase, acquisition or sale of CPI common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of CPI common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of CPI common stock.

With respect to CPI common stock purchased or sold through the exercise of an option, the purchase/sale of the CPI common stock is the exercise date of the option and the purchase/sale price of the CPI common stock is the exercise price of the option. Any recognized claim arising from the purchase of CPI common stock acquired during the Class Period through the exercise of an option on CPI common stock shall be computed as provided for other purchases of CPI common stock in the Plan of Allocation.

- 17 -

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased CPI common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such CPI common stock during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the CPI common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

- 18 -

*CPI Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI  53217

DATED: _____          _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x
MARK A. RODRIGUEZ, Individually and on :    Civil Action No. 1:20-cv-00982
Behalf of All Others Similarly Situated,    :
                                  :    CLASS ACTION
               Plaintiff,    :
                                    :
       vs.    :
                                    :
CPI AEROSTRUCTURES, INC., DOUGLAS : 
McCROSSON and VINCENT PALAZZOLO, : 
CANACCORD GENUITY LLC and B. : 
RILEY FBR,    :
                                    :
               Defendants.    :
———————————————————— x

———————————————————— x
RUSSELL GARRETT, Individually and on :    Civil Action No. 1:20-cv-01026
Behalf of All Others Similarly Situated,    :
                                    :    CLASS ACTION
                     Plaintiff,    :
                                    :
       vs.    :
                                      :
CPI AEROSTRUCTURES, INC., DOUGLAS : 
McCROSSON and VINCENT PALAZZOLO, : 
CANACCORD GENUITY LLC and B. : 
RILEY FBR,    :
                                    :
               Defendants.    :
———————————————————— x

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action *Rodriguez v. CPI Aerostructures, Inc., et al.*, No. 1:20-cv-00982-ENV-CLP (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.      Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2021, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*CPI Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box170500
Milwaukee, WI  53217
Online Submissions: www.CPISecuritiesSettlement.com

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

---

[1]     This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.CPISecuritiesSettlement.com.

4.      If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.      CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased CPI common stock during the period between March 22, 2018 through February 14, 2020, inclusive (the "Class Period"), including purchases of CPI common stock issued pursuant and/or traceable to CPI's offering conducted on or about October 17, 2018.   Excluded from the Class are:   (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any Person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the CPI common stock which forms the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE CPI COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the

- 2 -

beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at _____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form "Schedule of Transactions in CPI Common Stock," to supply all required details of your transaction(s) in CPI common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of CPI common stock between March 22, 2018 through May 15, 2020, inclusive, and/or in the October 17, 2018 offering, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the

shares of CPI common stock you held at the close of trading on March 21, 2018, February 14, 2020, and May 15, 2020.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of CPI common stock, and the date of a "short sale" is deemed to be the date of sale of CPI common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in CPI common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*Rodriguez v. CPI Aerostructures, Inc., et al.*

Civil Action No. 1:20-cv-00982-ENV-CLP

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2021

<u>Please Type or Print</u>

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN CPI COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER ____ or Taxpayer Identification Number ____

Telephone Number (Primary Daytime)   Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

PART II:    SCHEDULE OF TRANSACTIONS IN CPI COMMON STOCK

A.    Number of shares of CPI common stock held at the close of trading on March 21, 2018: _____

Proof Enclosed?
◯ Y
◯ N

B.    Purchases of CPI common stock between March 22, 2018 and May 15, 2020, inclusive (including purchases in CPI's October 17, 2018 Offering at $6.25 per share):

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.    Sales of CPI common stock between March 22, 2018 and May 15, 2020, inclusive:

| | SALES | | | |
|---|---|---|---|---|
| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| | M M / D D / Y Y Y Y | | | |
| 1. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ◯ Y ◯ N |
| 2. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ◯ Y ◯ N |
| 3. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ◯ Y ◯ N |
| 4. | ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐ . 0 0 | ◯ Y ◯ N |

D.    Number of shares of CPI common stock held at the close of trading on February 14, 2020:

Proof Enclosed?
◯ Y
◯ N

E.    Number of shares of CPI common stock held at the close of trading on May 15, 2020:

Proof Enclosed?
◯ Y
◯ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase of CPI common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASES**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the Released Claims each and all of the Released Defendant Parties.

2.      "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their respective Related Parties.

- 7 -

3.      "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, relating to, in connection with, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Litigation and that relate to the purchase of CPI common stock by any Class Member during the Class Period.  "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

4.      "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the

- 8 -

Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and

- 9 -

released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.    These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of CPI common stock in the October 2018 Offering and during the Class Period and the number of shares of CPI common stock held by me (us) at the close of trading on March 21, 2018, February 14, 2020, and May 15, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                                        (Month/Year)                              (City/State/Country)

_____                    _____
(Sign your name here)                                (Sign your name here)

_____                    _____
(Type or print your name here)                       (Type or print your name here)

_____                    _____
(Capacity of person(s) signing, e.g.,                (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)     Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.**

- 11 -

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN \_\_\_\_ \_\_, 2021,**

**ADDRESSED AS FOLLOWS:**

*CPI Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170500
\_\_\_\_Milwaukee, WI  53217
www.CPISecuritiesSettlement.com

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| | | x |
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-00982 |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | x | |

---

|  |  |  |
|---|---|---|
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-01026 |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | x | |

---

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-3

TO:    **ALL PERSONS WHO PURCHASED CPI AEROSTRUCTURES, INC. ("CPI" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, INCLUDING PURCHASERS OF CPI COMMON STOCK PURSUANT AND/OR TRACEABLE TO CPI'S OFFERING CONDUCTED ON OR ABOUT OCTOBER 17, 2018 ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, at _:00 _.m., before the Honorable Eric N. Vitaliano at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $3,600,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

The COVID-19 pandemic creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear remotely at the hearing, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CPISecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or

---

[1]    The Stipulation can be viewed and/or obtained at www.CPISecuritiesSettlement.com.

time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CPISecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by remote means, the information for accessing the conference will be posted to the Settlement website, www.CPISecuritiesSettlement.com.

IF YOU PURCHASED CPI COMMON STOCK BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2021)** or electronically **(no later than _____, 2021)**.  Your failure to submit your Proof of Claim by _____, 2021, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation.  If you purchased CPI common stock between March 22, 2018 through February 14, 2020, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.CPISecuritiesSettlement.com, or by writing to:

*CPI Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

ROBBINS LLP
STEPHEN J. ODDO
5040 Shoreham Place
San Diego, CA 92122
Telephone: 619/525-3990

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2021**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 20% OF THE $3,600,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $50,000. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2021**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        EASTERN DISTRICT OF NEW YORK

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>   vs.<br><br>CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR,<br><br>           Defendants. | Civil Action No. 1:20-cv-00982<br><br>CLASS ACTION |

---

|  |  |
|---|---|
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>   vs.<br><br>CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR,<br><br>           Defendants. | Civil Action No. 1:20-cv-01026<br><br>CLASS ACTION |

---

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE

EXHIBIT B

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class ("Notice Order") dated __, 2021, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated July 9, 2021 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Class defined as:  all Persons who purchased CPI common stock during the period between March 22, 2018 through February 14, 2020, inclusive (the "Class Period"), including purchasers of CPI common stock issued pursuant and/or traceable to CPI's offering conducted on or about October 17, 2018.  Excluded from the Class are:  (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any Person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.

4.      Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

5.      The Court finds that:  (a) the Members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the Members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that:

(a)      said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      Lead Plaintiff and Lead Counsel have adequately represented the Class;

(c)      there was no collusion in connection with the Stipulation;

(d)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)    the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.    Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released. Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant

- 3 -

Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

9.     Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

10.     Upon the Effective Date, as provided in the Stipulation and to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Class or any Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other forum.  For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement between Released Defendant Parties.

11.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Class Members, and Lead

Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

12.    The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

13.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

14.    Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties

- 5 -

or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission

of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective

Related Parties in any civil, criminal, or administrative proceeding in any court, administrative

agency, or other tribunal.  The Released Defendant Parties and/or their respective Related Parties

may file the Stipulation and/or this Judgment from this Litigation in any other action that may be

brought against them in order to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory

of claim preclusion or issue preclusion or similar defense or counterclaim.

15.    The Court finds that Defendants have satisfied their financial obligations under the

Stipulation by paying or causing to be paid $3,600,000 to the Settlement Fund, in accordance with

¶2.2 of the Stipulation.

16.    Without affecting the finality of this Judgment in any way, this Court hereby retains

continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of

the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c)

hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and

(d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17.    The Court finds and concludes that during the course of the Litigation, the Settling

Parties and their respective counsel at all times complied with the requirements of Federal Rule of

Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the

Litigation.

18.    The terms of the Stipulation and of this Judgment shall be forever binding on

Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual

Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

19.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of May 20, 2021, as provided in the Stipulation.

20.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.  The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

21.    This Litigation and all Released Claims are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

22.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____    _____
The Honorable Eric N. Vitaliano
United States District Judge