**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR,<br><br>           Defendants. | Civil Action No. 1:20-cv-00982<br>CLASS ACTION |
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     vs.<br><br>CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR,<br><br>           Defendants. | Civil Action No. 1:20-cv-01026<br>CLASS ACTION |

**DECLARATION OF JACK EWASHKO REGARDING MAILING OF NOTICE**
**AND PUBLICATION OF SUMMARY NOTICE**

I, Jack Ewashko, declare as follows:

1.     I am a Client Services Director of A.B. Data, Ltd.'s Class Action Administration

Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant

to the Order entered by the Court on June 7, 2022 (ECF 61) (the "Preliminary Approval Order"),

A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement of

the above-captioned action (the "Action").[1] I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## MAILING OF THE NOTICE AND PROOF OF CLAIM

2.　　Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), along with the Proof of Claim and Release (the "Proof of Claim") (collectively, the "Notice Packet") to potential Class Members. A copy of the Notice Packet is attached hereto as Exhibit A.

3.　　A.B. Data received a file from Defendants' Counsel, containing the names and addresses of record holders of CPI Aerostructures, Inc. ("CPI") common stock during the Class Period. The file contained 372 unique names and addresses of potential Class Members. After the removal of duplicate names and addresses, on June 28, 2022, A.B. Data caused the Notice Packet to be sent by First-Class Mail to 210 potential Class Members.

4.　　As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial owners whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial owners. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database"). At the time of the initial mailing, the Record Holder Mailing Database contained 4,984 mailing records.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement, dated July 9, 2021 (ECF 54-2) (the "Stipulation").

5.      In total, 5,194 Notice Packets were mailed to potential Class Members and nominees by First-Class Mail on June 28, 2022.

6.      The Notice directed those brokers and nominees who purchased CPI common stock during the Class Period for the beneficial interest of an individual or organization other than themselves, within seven (7) days after they receive the Notice, either (a) provide to A.B. Data a list of the names and addresses of such Persons which they purchased CPI common stock during the Class Period; or (b) send a copy of the Notice and the Claim Form by first-class mail to all such Persons. *See* Notice Packet Page 14.

7.      As of July 31, 2022, A.B. Data had received an additional 1,853 names and addresses of potential Class Members from individuals or brokerage firms and other nominee holders. A.B. Data has also received requests from brokers and other nominee holders for 3,280 Notices to be forwarded by the nominees to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

8.      As of July 31, 2022, a total of 10,327 Notice Packets have been mailed to potential Class Members and their nominees. In addition, A.B. Data has re-mailed 378 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to A.B. Data by the USPS.

9.      In conjunction with mailing of the Notice Packet, on June 28, 2022, A.B. Data also requested that the securities clearing agency, the Depository Trust Company ("DTC"), post the Summary Notice on the DTC's Electronic Legal Notice System ("LENS"). The LENS system is a comprehensive library of notices published by third party, public or private agents and agencies, reporting information about DTC-eligible securities (including the CPI common stock), such as notices to security holders, bankruptcies, and notices regarding class action litigation. The LENS

3

system provides notice directly to the Proxy/Corporate Actions/Class Action department of DTC Participant financial institutions.  The LENS system may be accessed by any DTC Participant, including all the DTC Participants with a position in CPI common stock.

## PUBLICATION OF THE SUMMARY NOTICE

10.    Pursuant to the Preliminary Approval Order, A.B. Data caused the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") to be published in *Investor's Business Daily* and released via *PR Newswire* on July 4, 2022. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits B and C, respectively.

## TELEPHONE HELP LINE

11.    On June 28, 2022, A.B. Data established and continues to maintain a case-specific, toll-free telephone helpline, 1-877-888-4839, with an interactive voice response system and live operators, to accommodate potential Class Members with questions about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have had the option to be transferred to a live operator during business hours.

## SETTLEMENT WEBSITE

12.    On June 28, 2022, A.B. Data established the Settlement website for this Action, www.CPIAeroStructuresSecuritiesSettlement.com. The Settlement website includes information regarding the Action and the proposed Settlement, including the objection deadline and the date and time of the Court's Settlement Hearing. In addition, copies of the Notice, Proof of Claim, Preliminary Approval Order, and Stipulation are posted on the website and are available for

downloading. The Settlement website was operational beginning on June 28, 2022, and is accessible 24 hours a day, 7 days a week.

## REPORT ON EXCLUSIONS

13.    Pursuant to Paragraph 19 of the Preliminary Approval Order and Page 8 of the Notice, those members of the Class requesting exclusion were to provide a signed letter requesting exclusion with the following information: (i) the name, address and telephone number of the Person requesting exclusion; (ii) a list identifying the number of shares of CPI common stock purchased during the Class Period and the date of each purchase; (iii) a statement that the Person wishes to be excluded from the Class. All requests for exclusion must be postmarked no later than August 19, 2022.

14.    As of the date of this Declaration, A.B. Data has not received any requests for exclusion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day August 2022 at New York, New York.

_____
Jack Ewashko

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| _____ x | | |
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-00982 |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : : : : | |
| Defendants. | : | |
| _____ x | | |
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:20-cv-01026 |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : : : : | |
| Defendants. | : | |
| _____ x | | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:    ALL PERSONS WHO PURCHASED CPI AEROSTRUCTURES, INC. ("CPI" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, INCLUDING PURCHASERS OF CPI COMMON STOCK ISSUED PURSUANT AND/OR TRACEABLE TO CPI'S OFFERING CONDUCTED ON OR ABOUT OCTOBER 17, 2018, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.   PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE SEPTEMBER 26, 2022**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court").   The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Jeffrey L. Feinberg, individually and as trustee and beneficiary of the Jeffrey L. Feinberg Personal Trust, and Defendants CPI, Douglas McCrosson, Vincent Palazzolo (the "Individual Defendants"), and Canaccord Genuity LLC and B. Riley FBR (n/k/a B. Riley Securities, Inc.) (the "Underwriter Defendants") and the proposed $3,600,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be *postmarked or submitted online* on or before September 26, 2022.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be *postmarked* on or before August 19, 2022.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before August 19, 2022.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **ATTEND THE HEARING ON SEPTEMBER 9, 2022** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before August 19, 2022.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 9, 2021 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.CPIAeroStructuresSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
|  | Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $3.6 million settlement fund has been established. Based on Lead Plaintiff's estimate of the number of shares of CPI common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.55 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 11-14 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of CPI common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of CPI common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of CPI common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of CPI common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of CPI common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of CPI common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty percent (20%) of the Settlement Amount, plus expenses not to exceed $50,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of CPI common stock will be approximately $0.12.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-877-888-4839, or visit the website **www.CPIAeroStructuresSecuritiesSettlement.com**.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com; www.rgrdlaw.com, or Stephen J. Oddo, Robbins LLP, 5040 Shoreham Place, San Diego, CA 92122, 1-800-350-6003.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny, all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. **Why did I get this Notice package?** |
|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased CPI common stock during the period between March 22, 2018 through and including February 14, 2020 (the "Class Period"), including purchases of CPI common stock issued pursuant and/or traceable to CPI's offering conducted on or about October 17, 2018.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of New York, and the case is known as *Rodriguez v. CPI Aerostructures, Inc., et al.*, No. 1:20-cv-00982-ENV-CLP. The case has been assigned to District Court Judge Eric N. Vitaliano and to Chief Magistrate Judge Cheryl L. Pollak. The individual representing the Class is the Lead Plaintiff, and the company, individuals and underwriters he sued and who have now settled are called the Defendants.

| 2. **What is this lawsuit about?** |
|---|

Lead Plaintiff's Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on September 24, 2020, alleges that Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiff alleges that, throughout the Class Period (March 22, 2018 through February 14, 2020, inclusive), Defendants misrepresented to investors that: (i) CPI's financial statements were presented in accordance with Generally Accepted Accounting Principles ("GAAP") and governing SEC rules and regulations; (ii) CPI had implemented ASC 606, effective January 1, 2018; (iii) the adoption of ASC 606 did not materially change CPI's recognition of revenue under its contracts; (iv) the adoption of ASC 606 had "no impact" on CPI's consolidated financial statements; (v) management's analysis of CPI's financial condition and the results of its operations were accurate and presented in accordance with GAAP; and (vi) the Company's system of internal controls over financial reporting and disclosure controls were effective, which caused the price of the Company's common stock to trade at artificially inflated prices, until the market learned of the false and misleading statements, and the Company's share price significantly declined. Defendants deny many of the Complaint's allegations and contend that they did not violate the Securities Act or the Exchange Act.

On February 19, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Lead Plaintiff opposed the motion on April 23, 2021. The motion remains pending.

On May 13, 2021, the Settling Parties participated in a confidential mediation with John R. Van Winkle, Esq., an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations, but did not reach a settlement. The Settling Parties continued to engage in arm's-length negotiations and on May 20, 2021, reached an agreement-in-principle to resolve the Litigation. The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $3,600,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants continue to believe that the claims asserted against them in the Litigation are without merit and that the Litigation itself should not be certified as a class action for purposes of trial or adjudication of liability and damages. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased CPI common stock during the period from March 22, 2018 through February 14, 2020, inclusive, including purchasers of CPI common stock issued pursuant and/or traceable to the Company's offering conducted on or about October 17, 2018, except those Persons and entities that are excluded.

Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any Person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before September 26, 2022.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-877-888-4839, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $3.6 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

5

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of CPI common shares represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at **www.CPIAeroStructuresSecuritiesSettlement.com**.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than September 26, 2022**.  The Proof of Claim form may be submitted online at **www.CPIAeroStructuresSecuritiesSettlement.com**.

| 9. | When would I get my payment? |
|---|---|

**Magistrate Judge Pollak will hold a Settlement Hearing on September 9, 2022, at 11:15 a.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, relating to, in connection with, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Litigation, and that relate to the purchase of CPI common stock by any Class Member during the Class Period.  "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or

6

limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

The Settlement also bars any and all claims for contribution or indemnity against any of the Released Defendant Parties arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Litigation.

7

**EXCLUDING YOURSELF FROM THE CLASS**

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *CPI AeroStructures Securities Settlement*." Your letter must include your purchases of CPI common stock during the Class Period, including the dates, the number of shares of CPI common stock purchased, and price paid for each such purchase. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than August 19, 2022** to:

*CPI AeroStructures Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
ATTN: EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is August 19, 2022.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

**THE LAWYERS REPRESENTING YOU**

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Robbins LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty percent (20%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $50,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *CPI Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares of CPI common stock you purchased and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating such purchase(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than August 19, 2022:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY 11201 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA 92101 | WILMER CUTLER PICKERING HALE AND DORR LLP MICHAEL G. BONGIORNO 7 World Trade Center 250 Greenwich Street New York, NY 10007 |
| | ROBBINS LLP STEPHEN J. ODDO 5040 Shoreham Place San Diego, CA 92122 | SHEARMAN & STERLING LLP DANIEL LEWIS 599 Lexington Avenue New York, NY 10022 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

Magistrate Judge Pollak will hold a Settlement Hearing at **11:15 a.m., on September 9, 2022**, via teleconference. The toll-free number for the hearing is 877-336-1839. The access code is 380-1746, and the Security Code is 20-0982. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If

9

you want to attend the hearing, you should check with Lead Counsel or the Settlement website **www.CPIAeroStructuresSecuritiesSettlement.com** beforehand to be sure that the date and/or time has not changed.

In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket and the Settlement website, **www.CPIAeroStructuresSecuritiesSettlement.com**, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, **www.CPIAeroStructuresSecuritiesSettlement.com**.

| 19. | **Do I have to come to the hearing?** |
|-----|---------------------------------------|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to participate. If you send an objection, you do not have to appear before the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | **May I speak at the hearing?** |
|-----|---------------------------------|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *CPI AeroStructures Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than August 19, 2022**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | **What happens if I do nothing?** |
|-----|-----------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

**GETTING MORE INFORMATION**

| 22. | **How do I get more information?** |
|-----|-----------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-888-4839. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at **www.CPIAeroStructuresSecuritiesSettlement.com**, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
CLASS MEMBERS**

The Settlement Amount of $3.6 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall

10

be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in CPI common stock during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of CPI common stock purchased during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the CPI common stock was purchased and in what amounts, whether shares were purchased pursuant and/or traceable to the October 2018 offering, whether the shares were sold, and, if so, when they were sold and for what amounts. Please note that given the relative strength of Lead Plaintiff's claims, 25% of the Net Settlement Fund shall be allocated to Recognized Losses under the Exchange Act, and 75% shall be allocated to Recognized Losses under the Securities Act.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $2.63 per share.[2] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

A "Recognized Loss" will be calculated as follows:

1. **Exchange Act Recognized Loss**

**TABLE A**

| Inflation Period | Inflation per Share |
|---|---|
| March 22, 2018 – February 7, 2019 | $3.06 |
| February 8, 2019 – February 13, 2020 | $2.47 |
| February 14, 2020 | $0.67 |

For shares of CPI common stock purchased on or between March 22, 2018 through and including February 14, 2020, the claim per share shall be as follows:

a)    If sold prior to February 8, 2019, the claim per share is $0.00.

b)    If sold on or between February 8, 2019 through and including February 14, 2020, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)    If retained at the end of February 14, 2020 and sold on or before May 15, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

---

[2]    Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for CPI common stock are reduced to an appropriate extent by taking into account the closing prices of CPI common stock during the 90-day look-back period. The mean (average) closing price for CPI common stock during this 90-day look-back period was $2.63 per share as shown in Table B.

d)      If retained at the close of trading on May 15, 2020, or sold thereafter, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and $2.63.

**2. Securities Act Recognized Loss**

**Section 11 Claims for the October 2018 Public Offering**

| | |
|---|---|
| Public Offering Price: | $6.25 per share |
| Closing price on the date the lawsuit was filed:[3] | $3.47 per share |

For shares of CPI common stock purchased pursuant to and/or traceable to the Company's offering on or about October 17, 2018, and

a)      sold prior to February 24, 2020, the claim per share is $6.25 less the sales price.

b)      retained, or sold, on or after February 24, 2020, the claim per share is the lesser of: (i) $2.78 ($6.25 less $3.47), or (ii) the $6.25 less the sales price.

**TABLE B**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|---|---|
| 2/18/2020 | $4.20 | $4.20 | 4/15/2020 | $2.67 | $2.41 | 5/8/2020 | $3.04 | $2.61 |
| 2/19/2020 | $4.24 | $4.22 | 4/16/2020 | $2.83 | $2.42 | 5/11/2020 | $3.05 | $2.62 |
| 2/20/2020 | $3.98 | $4.14 | 4/17/2020 | $2.96 | $2.43 | 5/12/2020 | $2.85 | $2.62 |
| 2/21/2020 | $3.83 | $4.06 | 4/20/2020 | $3.03 | $2.44 | 5/13/2020 | $2.66 | $2.62 |
| 2/24/2020 | $3.47 | $3.94 | 4/21/2020 | $2.96 | $2.45 | 5/14/2020 | $2.61 | $2.62 |
| 2/25/2020 | $3.40 | $3.85 | 4/22/2020 | $3.05 | $2.47 | 5/15/2020 | $2.77 | $2.63 |
| 2/26/2020 | $3.18 | $3.76 | 4/23/2020 | $3.04 | $2.48 | | | |
| 2/27/2020 | $3.09 | $3.67 | 4/24/2020 | $3.04 | $2.49 | | | |
| 2/28/2020 | $3.17 | $3.62 | 4/27/2020 | $3.17 | $2.51 | | | |
| 3/2/2020 | $3.05 | $3.56 | 4/28/2020 | $3.21 | $2.52 | | | |
| 3/3/2020 | $2.78 | $3.49 | 4/29/2020 | $3.41 | $2.54 | | | |
| 3/4/2020 | $2.59 | $3.42 | 4/30/2020 | $3.29 | $2.55 | | | |
| 3/5/2020 | $2.47 | $3.34 | 5/1/2020 | $3.29 | $2.57 | | | |
| 3/6/2020 | $2.35 | $3.27 | 5/4/2020 | $3.37 | $2.58 | | | |
| 3/9/2020 | $1.92 | $3.18 | 5/5/2020 | $3.16 | $2.59 | | | |
| 3/10/2020 | $2.17 | $3.12 | 5/6/2020 | $2.88 | $2.60 | | | |
| 3/11/2020 | $2.05 | $3.06 | 5/7/2020 | $3.07 | $2.60 | | | |
| 3/12/2020 | $1.59 | $2.97 | 5/8/2020 | $3.04 | $2.61 | | | |
| 3/13/2020 | $1.73 | $2.91 | 5/11/2020 | $3.05 | $2.62 | | | |
| 3/16/2020 | $1.51 | $2.84 | 5/12/2020 | $2.85 | $2.62 | | | |
| 3/17/2020 | $1.49 | $2.77 | 5/13/2020 | $2.66 | $2.62 | | | |
| 3/18/2020 | $1.37 | $2.71 | 5/14/2020 | $2.61 | $2.62 | | | |

---

[3]   Class Action Complaint filed on February 24, 2020.

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|---|---|
| 3/19/2020 | $1.43 | $2.65 | 5/15/2020 | $2.77 | $2.63 | | | |
| 3/20/2020 | $1.39 | $2.60 | 4/15/2020 | $2.67 | $2.41 | | | |
| 3/23/2020 | $1.44 | $2.56 | 4/16/2020 | $2.83 | $2.42 | | | |
| 3/24/2020 | $1.61 | $2.52 | 4/17/2020 | $2.96 | $2.43 | | | |
| 3/25/2020 | $1.72 | $2.49 | 4/20/2020 | $3.03 | $2.44 | | | |
| 3/26/2020 | $2.10 | $2.48 | 4/21/2020 | $2.96 | $2.45 | | | |
| 3/27/2020 | $2.23 | $2.47 | 4/22/2020 | $3.05 | $2.47 | | | |
| 3/30/2020 | $2.37 | $2.46 | 4/23/2020 | $3.04 | $2.48 | | | |
| 3/31/2020 | $2.25 | $2.46 | 4/24/2020 | $3.04 | $2.49 | | | |
| 4/1/2020 | $1.92 | $2.44 | 4/27/2020 | $3.17 | $2.51 | | | |
| 4/2/2020 | $2.02 | $2.43 | 4/28/2020 | $3.21 | $2.52 | | | |
| 4/3/2020 | $2.01 | $2.42 | 4/29/2020 | $3.41 | $2.54 | | | |
| 4/6/2020 | $2.07 | $2.41 | 4/30/2020 | $3.29 | $2.55 | | | |
| 4/7/2020 | $2.17 | $2.40 | 5/1/2020 | $3.29 | $2.57 | | | |
| 4/8/2020 | $2.15 | $2.39 | 5/4/2020 | $3.37 | $2.58 | | | |
| 4/9/2020 | $2.25 | $2.39 | 5/5/2020 | $3.16 | $2.59 | | | |
| 4/13/2020 | $2.58 | $2.39 | 5/6/2020 | $2.88 | $2.60 | | | |
| 4/14/2020 | $2.66 | $2.40 | 5/7/2020 | $3.07 | $2.60 | | | |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held CPI common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of CPI common stock during the Class Period will be matched, in chronological order, first against CPI common stock held at the beginning of the Class Period. The remaining sales of CPI common stock the Class Period will then be matched, in chronological order, against CPI common stock purchased during the Class Period.

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amount.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all CPI common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of CPI common stock that have been matched against CPI common stock held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase or sale of CPI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of CPI common stock during the Class Period shall not be deemed a purchase, acquisition or sale of CPI common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the

13

purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of CPI common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of CPI common stock.

With respect to CPI common stock purchased or sold through the exercise of an option, the purchase/sale of the CPI common stock is the exercise date of the option and the purchase/sale price of the CPI common stock is the exercise price of the option. Any recognized claim arising from the purchase of CPI common stock acquired during the Class Period through the exercise of an option on CPI common stock shall be computed as provided for other purchases of CPI common stock in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased CPI common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such CPI common stock during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the CPI common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*CPI AeroStructures Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173056
Milwaukee, WI 53217

14

DATED:      June 7, 2022

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
                                        x
MARK A. RODRIGUEZ, Individually and on Behalf of  :   Civil Action No. 1:20-cv-00982
All Others Similarly Situated,                    :
                                                  :   CLASS ACTION
                     Plaintiff,                   :
                                                  :
                                                  :
         vs.                                      :
                                                  :
CPI AEROSTRUCTURES, INC., DOUGLAS                 :
McCROSSON and VINCENT PALAZZOLO,                  :
CANACCORD GENUITY LLC and B. RILEY FBR,           :
                                                  :
                     Defendants.                  :
                                        x
```

```
                                        x
RUSSELL GARRETT, Individually and on Behalf of    :   Civil Action No. 1:20-cv-01026
All Others Similarly Situated,                    :
                                                  :   CLASS ACTION
                     Plaintiff,                   :
                                                  :
                                                  :
         vs.                                      :
                                                  :
CPI AEROSTRUCTURES, INC., DOUGLAS                 :
McCROSSON and VINCENT PALAZZOLO,                  :
CANACCORD GENUITY LLC and B. RILEY FBR,           :
                                                  :
                     Defendants.                  :
                                        x
```

PROOF OF CLAIM AND RELEASE

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action *Rodriguez v. CPI Aerostructures, Inc., et al.*, No. 1:20-cv-00982-ENV-CLP (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.    Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN SEPTEMBER 26, 2022, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*CPI AeroStructures Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173056
Milwaukee, WI  53217

Online Submissions: www.CPIAeroStructuresSecuritiesSettlement.com

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased CPI common stock during the period between March 22, 2018 through February 14, 2020, inclusive (the "Class Period"), including purchases of CPI common stock issued pursuant and/or traceable to CPI's offering conducted on or about October 17, 2018.  Excluded from the Class are:  (i) Defendants; (ii) members of the immediate family of either of the Individual Defendants; (iii) any Person who was an officer or director of CPI or an Underwriter Defendant during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest (provided, however, that any Investment Vehicle shall not be excluded from the Class); and (v) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded Person.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the CPI common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE CPI COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

---

[1]    This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.CPIAeroStructuresSecuritiesSettlement.com.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

**NOTICE REGARDING ELECTRONIC FILES:**  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you may visit the website for the Settlement, www.CPIAeroStructuresSecuritiesSettlement.com, or you may email the Claims Administrator at info@CPIAeroStructuresSecuritiesSettlement.com to obtain the required file layout. **Any file that is not submitted in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of submission, you should contact the Claims Administrator's electronic filing department at info@CPIAeroStructuresSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## III.    CLAIM FORM

Use Part II of this form "Schedule of Transactions in CPI Common Stock," to supply all required details of your transaction(s) in CPI common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases and ***all*** of your sales of CPI common stock between March 22, 2018,  through the date of filing this claim, inclusive, and/or in the October 17, 2018 offering, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to ***all*** of the shares of CPI common stock you held at the close of trading on March 21, 2018, February 14, 2020, and the date of filing this claim.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of CPI common stock, and the date of a "short sale" is deemed to be the date of sale of CPI common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in CPI common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Rodriguez v. CPI Aerostructures, Inc., et al.*

Civil Action No. 1:20-cv-00982-ENV-CLP

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than: September 26, 2022

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN CPI COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

PART I:          CLAIMANT IDENTIFICATION

Last Name                                          M.I.     First Name

Last Name (Co-Beneficial Owner)                    M.I.     First Name (Co-Beneficial Owner)

◯ IRA     ◯ Joint Tenancy     ◯ Employee     ◯ Individual     ◯ Other _____
                                                                        (specify)

Company name (Beneficial Owner – If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund#/ (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURTIY NUMBER                or        Taxpayer Identification Number

Telephone Number (Primary Daytime)          Telephone Number (Alternate)

MAILING INFORMATION

Address

Address

City                                                          State     Zip Code

Foreign Province                  Foreign Postal Code          Foreign Country Name/Abbreviation

Questions? Call 1-877-888-4839 or visit www.CPIAeroStructuresSecuritiesSettlement.com          3

**PART II:**   SCHEDULE OF TRANSACTIONS IN CPI COMMON STOCK

A.   Number of shares of CPI common stock held at the close of trading on March 21, 2018: _____

Proof Enclosed?
○ Y
○ N

B.   Purchases of CPI common stock between March 22, 2018 through the date of filing this claim, inclusive (including purchases in CPI's October 17, 2018 Offering at $6.25 per share):

| Trade Date Month Day Year | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | | | | ○ Y ○ N |
| 2. | | | | ○ Y ○ N |
| 3. | | | | ○ Y ○ N |

C.   Sales of CPI common stock between March 22, 2018 through the date of filing this claim, inclusive:

| Trade Date Month Day Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | | | | ○ Y ○ N |
| 2. | | | | ○ Y ○ N |
| 3. | | | | ○ Y ○ N |
| 4. | | | | ○ Y ○ N |

D.   Number of shares of CPI common stock held at the close of trading on February 14, 2020: _____

Proof Enclosed?
○ Y
○ N

E.   Number of shares of CPI common stock held as of the filing of this claim. _____

Proof Enclosed?
○ Y
○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase of CPI common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.      RELEASES**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the Released Claims each and all of the Released Defendant Parties.

2.      "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their respective Related Parties.

3.      "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, relating to, in connection with, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Litigation and that relate to the purchase of CPI common stock by any Class Member during the Class Period.  "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

4.      "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all

Questions? Call 1-877-888-4839 or visit www.CPIAeroStructuresSecuritiesSettlement.com                    5

Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.    These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of CPI common stock in the October 2018 Offering and during the Class Period and the number of shares of CPI common stock held by me (us) at the close of trading on March 21, 2018, February 14, 2020, and the date of filing this claim.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
(Month/Year)                                        (City/State/Country)

_____          _____
(Sign your name here)                                      (Sign your name here)

_____          _____
(Type or print your name here)                            (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,                   (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)          Beneficial Purchaser, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN SEPTEMBER 26, 2022,**

**ADDRESSED AS FOLLOWS:**

*CPI AeroStructures Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173056
Milwaukee, WI  53217
www.CPIAeroStructuresSecuritiesSettlement.com

# EXHIBIT B

Case 1:20-cv-00982-ENV-CLP    Document 64-4    Filed 08/05/22    Page 31 of 37 PageID #: 876

## AFTER MARKET

### Battery Maker Clarios Revives Its IPO

Clarios International, a maker of low-voltage vehicle batteries, plans an initial public offering to raise $1 billion. It previously scuttled IPO plans due to market conditions. Milwaukee-based Clarios plans to list on the New York Stock Exchange under the ticker BTRY.

**IBD New Issues Index**



**Leading New Issues**

| Company | Symbol | Offering Date | Offering Price | Current Price | % Chg | EPS Rtg | Industry Group | Lead Underwriter |
|---|---|---|---|---|---|---|---|---|
| Belite Bio Inc Ads | BLTE | 4/29/22 | 6.00 | 37.69 | 528.2 | 59 | Medical-Biomed/Biotech | Benchmark Company |
| Cadre Holdings Inc | CDRE | 11/4/21 | 13.00 | 19.95 | 53.5 | 9 | Security/Sfty | Stifel Nicolaus Weisel |
| Aris Water Solutions CIA | ARIS | 10/22/21 | 13.00 | 16.75 | 28.9 | 84 | Pollution Control | Goldman Sachs & Co |
| Cincor Pharma Inc | CINC | 1/7/22 | 16.00 | 20.38 | 27.4 | 1 | Medical-Biomed/Biotech | Morgan Stanley |
| Arcellx Inc | ACLX | 2/4/22 | 15.00 | 18.60 | 24.0 | 1 | Medical-Biomed/Biotech | Bofa Securities Inc |
| Aeroclean Technologies | AERC | 11/24/21 | 10.00 | 12.31 | 23.1 | 17 | Security/Sfty | Benchmark Company |
| Credo Tech Grp Hldng | CRDO | 1/27/22 | 10.00 | 11.29 | 12.9 | 76 | Internet-Network Sltns | Goldman Sachs & Co |
| Paragon 28 Inc | FNA | 10/15/21 | 16.00 | 16.76 | 4.8 | 5 | Medical-Products | Bofa Securities Inc |

# THE NEW AMERICA

**PRIVIA HEALTH** *Arlington, Virginia*

# Software Firm Bills Itself As The Uber Of Managed Care

BY ALLISON GATLIN
INVESTOR'S BUSINESS DAILY

One of Privia Health's **(PRVA)** executives calls the business the Uber **(UBER)** of managed care — a fact that has PRVA stock investors paying attention.

Like Uber, which owns a massive taxi business but no cars, Privia Health runs a massive health care enterprise but doesn't own any doctor's offices, Privia President Parth Mehotra says.

Instead, it partners with doctors to provide them the technology backbone, financial know-how and insurance expertise to run their practices, he says. This frees physicians up to do what they do best: treat patients.

"The doctors cannot keep up with everything they never learned in medical school," Mehotra told Investor's Business Daily. "They went to medical school to take care of patients. They never learned the business of medicine — technology stack, reimbursement model changes, the world going from fee-for-service reimbursement to value-based care."

That's about where Mehotra invokes the Uber comparison: "We are changing the car for the driver — the doctor — to be a Ferrari vs. a 1960s Ford."

## PRVA Outperforms Its Peers

Privia Health was founded in 2007, but PRVA shares didn't hit the stock market until June 2021. Mehotra says the company held out going public due to high valuations in the market. Investors "appreciated the story and thoughtfulness."

This year, shares have outperformed their industry group. Privia stock has notched a 15% gain since January, while IBD's Computer Software-Medical industry group has fallen 25%.

PRVA shares broke out of a cup base with a buy point at 29.07 on June 21, MarketSmith.com shows.

The stock was on the edge of that buy zone that runs from 29.07 to 30.52 as of June 30.

Mehotra says investors are taking notice of the company's hedge-fund-like business model.

Privia earns 12% on any fee-for-service a doctor charges and 40% from value-based services. An example of the latter would be a routine colonoscopy or mammogram. There's value for the health care system in detecting cancer at an early stage when, potentially, a patient is easier to treat.

The setup ensures Privia succeeds when a physician does, Mehotra says.

"If they make money, we make money," he said. "We're financially aligned with their success."

## Collections Hit Record Highs

That's paying off for PRVA stock investors.

So far, Privia Health partners with nearly 3,400 health care providers at more than 870 practices in eight states. The business covers roughly 3.8 million patients.

This year, Privia expects to collect $2.05 billion to $2.2 billion in fees from physicians, an increase of 26.1%-35.3% year over year.

That's in line with projections for $2.19 billion, according to 13 analysts polled by FactSet. By 2024, analysts expect annual collections to pass the $3 billion mark.

Mehotra notes the has positive earnings before interest, taxes, depreciation and amortization. In the first quarter, Privia predicted $52 million to $56 million in full-year adjusted EBITDA, representing 25.6%-35.3% growth. About 90% of that will covert to free cash flow, he says.

## Helping Independent Practices

All of these factors will only grow, Mehotra says.

"Any time there's disruption, whether it's Covid, whether it's recession-type related, doctors are realizing they cannot sustain their small, independent practice on their own," he said. "Even health systems are realizing they're not the best managers of physicians. They're really good at managing beds and the most complicated surgeries, but not a medical group."

The last couple of years represented record growth for Privia. In 2021, collections from physi-



**Privia expects to collect $2.05 billion to $2.2 billion in fees from the physicians it serves for 2022, an increase of 26.1% to 35.3% year over year.**

### Double The Revenue

Privia has doubled the revenue that it collects from medical practices in the last two years, while the number of doctors using its services surged by a third.



Source: Company reports

cians' offices grew more than 25% to $1.63 billion.

Adjusted EBITDA was $41.38 million, up 41%. Credit Suisse analyst A.J. Rice says the post-peak-Covid growth appears sustainable.

"Primary care physicians are looking to partner with someone

### Privia Health Group
**www.priviahealth.com**

| | |
|---|---|
| Ticker | PRVA |
| Share price* | Near 29 |
| 12-month sales | $1.07 bil |
| 5-year profit growth rate | 162% |

**IBD SmartSelect Corporate Ratings***

| | |
|---|---|
| Composite Rating | 94 |
| Earnings Per Share | 96 |
| Relative Price Strength | 90 |
| Industry Group Rank | 97 |
| Rank Within Industry Group | 2 |
| Sales+Profit Margins+ROE | B |
| Accumulation/Distribution | B+ |

See Investors.com for more details    *As of 6/30/22

like Privia to get the best of both worlds by being part of something bigger yet retaining their autonomy," he said in a note to clients. Rice has an outperform rating on PRVA stock.

Another boon for Privia Health: The company partners with myriad doctor types. According to Rice, about 65% of its physicians are the first point of contact for patients. That includes family care doctors, pediatricians, obstetricians and others.

## 51 Specialties

The company's medical groups include 51 different specialties.

Yet the runway for growth is still huge, Mehotra says. The company is working in eight states and has a low-single-digit share of the market in those states, he says.

He compared Privia Health's business with that of United-Health's **(UNH)** Optum, a similar tool for physicians.

Privia has about 3,400 providers compared with Optum's 60,000-

70,000. Just getting to about 10,000 providers "would be massive growth as a public company," Mehotra said.

PRVA stock investors are watching for future growth. Mehotra says Privia has several options there.

"We can keep adding new doctors or we can add new states," he said.

He also noted that Privia can work with insurance companies to move toward value-based treatments. Privia takes a 40% cut for each value-based service provided.

## 'Enabling Doctors To Succeed'

The company can also monetize its own platform, he says.

For example, Privia recently opened a lab in Virginia where it already has a large physician network.

All lab work from those physicians goes to that Privia laboratory. Similarly, Privia can use its platform to keep tabs on clinical studies, helping enroll patients in studies for applicable drugs and devices.

Meanwhile, investors are noticing PRVA's stock performance, Mehotra says.

The stock has a strong Composite Rating of 94, according to IBD Digital. This puts PRVA in the leading 6% of all stocks in terms of fundamental and technical measures. Shares also have a strong Relative Strength Rating of 91. This means PRVA has performed in the top 9% of all stocks over the last 12 months.

Mehotra quoted a generalist investor who listened to Privia's conference calls.

"Privia is enabling doctors to succeed," he said.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR,<br><br>Defendants. | Civil Action No. 1:20-cv-00982<br><br>CLASS ACTION |
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR<br><br>Defendants. | Civil Action No. 1:20-cv-01026<br><br>CLASS ACTION |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:** **ALL PERSONS WHO PURCHASED CPI AEROSTRUCTURES, INC. ("CPI" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, INCLUDING PURCHASERS OF CPI COMMON STOCK PURSUANT AND/OR TRACEABLE TO CPI'S OFFERING CONDUCTED ON OR ABOUT OCTOBER 17, 2018 ("CLASS OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held via teleconference on September 9, 2022 at 11:15 a.m., before the Honorable Cheryl L. Pollak, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned actions as set forth in the Stipulation of Settlement ("Stipulation")[1] for $3,600,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket and the Settlement website, www.CPIAeroStructuresSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to the Settlement website, www.CPIAeroStructuresSecuritiesSettlement.com. Also, the information for accessing the conference is posted to the Settlement website, www.CPIAeroStructuresSecuritiesSettlement.com.

IF YOU PURCHASED CPI COMMON STOCK BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than September 26, 2022)** or electronically **(no later than September 26, 2022)**. Your failure to submit your Proof of Claim by September 26, 2022, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased CPI common stock between March 22, 2018 through February 14, 2020, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a

copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.CPIAeroStructuresSecuritiesSettlement.com, or by writing to:

*CPI AeroStructures Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box 173056
Milwaukee, WI 53217

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

ROBBINS LLP
STEPHEN J. ODDO
5040 Shoreham Place
San Diego, CA 92122
Telephone: 800/350-6003

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY AUGUST 19, 2022**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 20% OF THE $3,600,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $50,000. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY AUGUST 19, 2022**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: June 7, 2022

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

[1] The Stipulation can be viewed and/or obtained at www.CPIAeroStructuresSecuritiesSettlement.com.

# EXHIBIT C

# Robbins Geller Rudman & Dowd LLP and Robbins LLP Announce Notice of Class Action Settlement for All Persons Who Purchased CPI Aerostructures, Inc. Common Stock

---

NEWS PROVIDED BY

**Robbins Geller Rudman & Dowd LLP and Robbins LLP** →

Jul 04, 2022, 10:00 ET

---

SAN DIEGO, July 4, 2022 /PRNewswire/ --

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-00982 |
| | : |
| | : <u>CLASS ACTION</u> |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : |
| | : |
| | : |
| | : |
| Defendants. | : |
| | x |

| | |
|---|---|
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-01026 |
| | : |
| | : <u>CLASS ACTION</u> |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | : |
| | : |
| | : |
| | : |
| Defendants. | : |
| | x |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:    ALL PERSONS WHO PURCHASED CPI AEROSTRUCTURES, INC. ("CPI" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, INCLUDING PURCHASERS OF CPI COMMON STOCK PURSUANT AND/OR TRACEABLE TO CPI'S OFFERING CONDUCTED ON OR ABOUT OCTOBER 17, 2018 ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held via teleconference on September 9, 2022 at 11:15 a.m., before the Honorable Cheryl L. Pollak, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned actions as set forth in the Stipulation of Settlement ("Stipulation")[1] for $3,600,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket and the Settlement website, www.CPIAerostructuresSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to the Settlement website, www.CPIAeroStructuresSecuritiesSettlement.com.  Also, the information for accessing the conference is posted to the Settlement website, www.CPIAeroStructuresSecuritiesSettlement.com.

IF YOU PURCHASED CPI COMMON STOCK BETWEEN MARCH 22, 2018 THROUGH FEBRUARY 14, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than September 26, 2022)** or electronically **(no later than September 26, 2022)**.  Your failure to submit your Proof of Claim by September 26, 2022, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation.  If you purchased CPI common stock between March 22, 2018 through February 14, 2020, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.CPIAeroStructuresSecuritiesSettlement.com, or by writing to:

*CPI AeroStructures Securities Settlement*

c/o A.B. Data, Ltd.

P.O. Box 173056

Milwaukee, WI  53217

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP

Ellen Gusikoff Stewart

655 West Broadway, Suite 1900

San Diego, CA 92101

Telephone: 800/449-4900

ROBBINS LLP

STEPHEN J. ODDO

5040 Shoreham Place

San Diego, CA 92122

Telephone: 800/350-6003

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY AUGUST 19, 2022**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 20% OF THE $3,600,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $50,000.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY AUGUST 19, 2022**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED:  June 7, 2022    BY ORDER OF THE COURT
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK

[1] The Stipulation can be viewed and/or obtained at www.CPIAeroStructuresSecuritiesSettlement.com.

SOURCE Robbins Geller Rudman & Dowd LLP and Robbins LLP