UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| MARK A. RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-00982 |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | |
| Defendants. | |
| RUSSELL GARRETT, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:20-cv-01026 |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CPI AEROSTRUCTURES, INC., DOUGLAS McCROSSON and VINCENT PALAZZOLO, CANACCORD GENUITY LLC and B. RILEY FBR, | |
| Defendants. | |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES

Lead Plaintiff Jeffrey L. Feinberg, individually and as trustee and beneficiary of the Jeffrey L. Feinberg Personal Trust ("Lead Plaintiff"), on behalf of himself and the Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of Lead Plaintiff's motion for final approval of the Settlement and approval of the Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and expenses.[1]

## I.    PRELIMINARY STATEMENT

The Settlement resolves this Litigation in its entirety and establishes a common fund of $3,600,000 for the benefit of Class Members. As detailed in Lead Plaintiff's and Lead Counsel's opening papers, the Settlement is the product of hard-fought litigation and extensive arm's-length negotiations achieved with the assistance of mediator John R. Van Winkle, Esq. It represents a very favorable result for the Class in light of the estimated maximum recoverable damages, substantial risks and challenges that Lead Plaintiff and the Class faced in proving liability and defeating Defendants' many arguments in response, as well as the costs and delays of continued litigation.

In response to the robust Court-approved notice program, which involved mailing 11,065 copies of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package") to potential Class Members and nominees and publishing the Summary Notice in *Investor's Business Daily* and over *PR Newswire*, not a single objection was filed, and no requests for exclusion from the Class have been received. This reaction of the Class further demonstrates that the proposed Settlement, the

---

[1]    Unless otherwise noted, all capitalized terms are defined in the Stipulation of Settlement ("Stipulation") (ECF 54-2) or in Lead Plaintiff's and Lead Counsel's opening memoranda of law in support of these motions, dated August 5, 2022, ECF 64-1, 64-2. The Supplemental Declaration of Jack Ewashko Regarding: (A) Mailing of the Notice and Claim Form, and (B) Report on Requests for Exclusions ("Supplemental Ewashko Decl."), dated August 31, 2022, is submitted herewith. All citations are omitted and emphasis is added, unless otherwise indicated.

Plan of Allocation, and the request for fees and expenses are fair and reasonable and should be approved.

## II.    THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT

Lead Plaintiff and Lead Counsel respectfully submit that their opening briefs and declarations demonstrate why approval of the motions is warranted.  Now that the time for objecting or requesting exclusion from the Class has passed, the lack of objections and total absence of opt-outs from the Class provides additional support for approval of the motions.

Pursuant to the Court's Preliminary Approval Order, more than 11,000 copies of the Claim Package have been mailed to potential Class Members and their nominees.  *See* Supplemental Ewashko Decl., ¶3.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $50,000.  *See* Notice (ECF 64-4), at 3.  The Notice also apprised Class Members of: (1) their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses; (2) their right to exclude themselves from the Class; (3) the August 19, 2022 deadline for filing objections and requests for exclusion; and (4) the September 26, 2022 deadline for submitting Proofs of Claim.  *See id.* at 2.  The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Claim Package, and the deadlines for the submission of Proofs of Claim, objections, and requests for exclusion, was published in *Investor's Business Daily* and released over *PR Newswire*.  *See* ECF 64-4, Declaration of Jack Ewashko Regarding Mailing of Notice and Publication of Summary Notice, ¶10.  In addition, the Claims Administrator established a case-specific website which provided information and links to relevant documents (*id.*, ¶12), and a case-specific toll-free telephone helpline.  *Id.*, ¶11.

As noted above, following this notice program, no Class Members objected to any aspect of

the Settlement, the Plan of Allocation, or fee and expense application, or requested exclusion from the Class.

The absence of objections and requests for exclusion strongly supports a finding that the Settlement, Plan of Allocation, and fee and expense requests are fair, reasonable, and adequate. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 85629, at *40 (S.D.N.Y. Nov. 7, 2007); *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y 2006) (A "[l]ack of objections is strong evidence of the settlement's fairness."). "[T]he favorable reaction of the overwhelming majority of class members . . . is perhaps the most significant factor." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). Although a "'certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members,'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118). As Judge Sweet recently recognized, "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd*, 822 F. App'x 40 (2d Cir. 2020).

Likewise, the complete lack of opt-outs from Class Members also strongly supports final approval. *See Luxottica*, 233 F.R.D. at 312 (no requests for exclusion from settlement "strongly supports approval of the settlement").

Importantly, the absence of any objection or requests for exclusion by sophisticated institutional investors (or any investors) is further evidence of the fairness of the Settlement. *See*

*Citigroup*, 965 F. Supp. 2d at 382 (the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from institutional or retail Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002); *Veeco*, 2007 U.S. Dist. LEXIS 85629, at *40 ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class should also be considered with respect to Lead Counsel's request for an award of attorneys' fees and expenses. The absence of any objections to the requested fee and expenses supports a finding that the request is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec Litig.*, 2007 U.S. Dist. LEXIS 85554, at *32 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request supported its approval). In particular, the lack of any objections by institutional investors supports approval of the fee and expense request. *See In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III.    CONCLUSION

For each of these reasons, and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, it is respectfully requested that the Court approve the Settlement and Plan of Allocation and award the requested attorneys' fees and expenses.[2]

DATED:  September 2, 2022                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN
AVITAL O. MALINA

*s/ Alan I. Ellman*
ALAN I. ELLMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com
amalina@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

---

[2]   The proposed: (i) Final Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses are submitted herewith.

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
ERIC M. CARRINO
5040 Shoreham Place
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
brobbins@robbinsllp.com
soddo@robbinsllp.com
ecarrino@robbinsllp.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 2, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Alan I. Ellman
ALAN I. ELLMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail: aellman@rgrdlaw.com

# Mailing Information for a Case 1:20-cv-00982-ENV-CLP Rodriguez v. CPI Aerostructures, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey C. Block**
  jeff@blockesq.com

- **Michael G. Bongiorno**
  michael.bongiorno@wilmerhale.com,whdocketing@wilmerhale.com

- **Charles Bridge**
  charles.bridge@wilmerhale.com

- **Alan Ian Ellman**
  aellman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com

- **Tamar Batya Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com,tamarkm@gmail.com,whdocketing@wilmerhale.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Benjamin Klebanoff**
  benjamin.klebanoff@shearman.com,managing-attorney-5081@ecf.pacerpro.com,courtalert@shearman.com,manattyoffice@shearman.com

- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,managing-attorney-5081@ecf.pacerpro.com,courtalert@shearman.com,manattyoffice@shearman.com

- **Avital Malina**
  amalina@rgrdlaw.com

- **Cassandra Mitchell**
  cassie.mitchell@wilmerhale.com

- **Stephen J. Oddo**
  soddo@robbinsllp.com,notice@robbinsllp.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)